IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PATRICK ERNSTER, RAMSEY HOFIUS and TREVAR BLACK, individually and on behalf of all others similarly situated;<br><br>       Plaintiffs,<br>v.<br><br>MANITOU EQUIPMENT AMERICA, LLC and MANITOU NORTH AMERICA, LLC,<br><br>       Defendants. | Case No.: 3:24-cv-00462-wmc<br><br>Hon. William M. Conley |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED
## MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

  This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, individually and on behalf of the proposed Class, and Defendants have entered into a Settlement Agreement and Release, dated August 13, 2025 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

  1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

  2. The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

### PRELIMINARY APPROVAL

  3. The Court has reviewed the terms of the proposed Settlement Agreement, the

exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of Class Counsel and the Settlement Administrator. Based on its review of these papers and telephonic hearing today with the parties' counsel, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of experienced mediator, Bruce Friedman of JAMS, through which the basic terms of the Settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of information between the Parties before mediation. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4.  Accordingly, the Court GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein subject to amendment orally approved at today's hearing, allowing for electronic submission of any opt out or objection by putative class members.

## PRELIMINARY CLASS CERTIFICATION

5.  Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Class defined in the Settlement Agreement as follows: "All individuals residing in the United States whose Personal Information was compromised in the Security Incident experienced by Defendants in or around December 2023, including all those individuals who received notice of the breach." Excluded from the Class are: (1) the judges presiding over this Litigation, and members of their immediate families; (2) Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6. The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Class is comprised of thousands of individuals; there are questions of law or fact common to the Class; the Class Representatives' claims are typical of those of Class Members; and the Class Representatives will fairly and adequately protect the interests of the Class.

7. The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Plaintiffs Patrick Ernster, Ramsey Hofius and Trevar Black as Class Representatives for settlement purposes only. The Court provisionally finds that the Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Class Representatives for settlement purposes only.

9. The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for settlement purposes only: Cassandra P. Miller of Strauss Borrelli PLLC and Leigh Montgomery of EKSM LLP.

**NOTICE AND ADMINISTRATION**

10. Pursuant to the Settlement Agreement, the Parties have designated Simpluris as the Settlement Administrator. Simpluris shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11. With the exception of converting the manner of submitting optouts and objections from U.S. mail to electronic at the designated Settlement Website, the Court further finds that the class Notice and proposed Notice program set forth in the Settlement Agreement satisfy the

3

requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice program are reasonably calculated to apprise Class Members of the nature of this Litigation, the scope of the Class, the terms of the Settlement Agreement, the right of Class Members to object to the Settlement Agreement or exclude themselves from the Class, and the Final Approval Hearing. Subect to those changes, the Court therefore approves the Class Notice and Notice program and directs the Parties and the Settlement Administrator to proceed with providing notice to Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Settlement Administrator shall commence the Notice program within the time required by the Settlement Agreement.

13. The Court also approves the versions of the Long Form Notice and the Short Form Notice.

## **EXCLUSION AND OBJECTIONS**

14. Class Members who wish to opt out and exclude themselves from the Class may do so by submitting a request for exclusion to the Settlement Administrator on the Settlement Website identified in the Notice, postmarked no later than **February 4, 2026** (60 days after the Notice Date) or electronically submitting one through the Settlement Website by the same date. Requests for exclusion that are submitted after the Opt-Out Deadline are invalid and the person shall remain a Participating Settlement Class Member. The request for exclusion must include the name of the proceeding, the individual's full name, current address, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the individual's intent to opt-out of the Settlement in the submission.

Each request for exclusion must request exclusion only for that one individual whose name appears on the request. Mass or group opt-outs are not allowed.

15. All Class Members who do not opt out and exclude themselves in accordance with the Settlement Agreement and this Order shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Class Members who wish to object to the Settlement may also do so by submitting an Objection on the Settlement Website by **February 4, 2026** (60 days after the Notice Date). A written objection must include (i) the name of the Litigation; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at the fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. A copy of the objection will also be mailed by the Settlement Administrator to the Court, Class Counsel, and Defense Counsel at their respective addresses.

17. Any Class Member who does not timely submit an objection in accordance with these basic procedures shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18. The Court will hold a Final Approval Hearing on **March 5, 2026** at **11:30 a.m. CT**

to be conducted remotely by zoom videoconference before the Honorable William M. Conley, District Court Judge of the United States District Court, Western District of Wisconsin.

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representatives should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Class Representatives should be granted; and (g) a Final Judgment should be entered.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members.

## SETTLEMENT TIMELINE

| Post Grant of Preliminary Approval | |
|---|---|
| Settlement Administrator provides W-9 to Defendants | 5 days after Final Approval Order |
| Defendants provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of the Motion for Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 30 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Class Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |

| Final Approval Hearing | March 5, 2026 at 11:30 a.m. CT (remotely) |
|---|---|
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **Post Final Approval** | |
| Cash Fund Payment Deadline | Within 30 days after the Effective Date |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 30 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22. All Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement Agreement or the Settlement. Further, in the event of such a termination, the certification of the Settlement Class shall be void. Defendants reserve the right to contest class certification and all other issues for all purposes other than this Settlement. Any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Defendants did not oppose certification of a class under the Settlement shall not be used

7

or cited thereafter by any person or entity, including in a contested proceeding relating to class certification and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

**IT IS SO ORDERED.**

Dated: November 4, 2025

_____
WILLIAM M. CONLEY
District Court Judge