IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PATRICK ERNSTER, RAMSEY HOFIUS and TREVAR BLACK, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>MANITOU EQUIPMENT AMERICA, LLC and MANITOU NORTH AMERICA, LLC,<br><br>Defendants. | FINAL APPROVAL AND ORDER FOR JUDGMENT<br><br>24-cv-462-wmc |

On November 25, 2025, this court entered an order granting preliminary approval (the "Preliminary Approval Order") (dkt. #45) of the settlement (the "Settlement") between Plaintiffs Patrick Ernster, Ramsey Hofius, and Trevar Black ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Manitou North America, LLC and Manitou Equipment America, LLC ("Manitou" or "Defendants") (collectively, the "Parties"), as memorialized in the Settlement Agreement filed on August 14, 2025 (dkt. #43-1), with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class was notified of the terms of the proposed Settlement Agreement, of the right of Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing.

On March 5, 2026, the court held a final approval hearing to determine: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment

should be entered dismissing this action with prejudice. Before the final approval hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the court as required by the Preliminary Approval Order, indicating that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' Fee Award and Expenses to Class Counsel, and the payment of Service Awards to the Class Representatives.

Having been given an opportunity to be heard in accordance with the Preliminary Approval Order, having reviewed the presentation of Class Counsel and Defendant's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' Fee Award and Expenses, and the application for Service Awards to the Class Representatives, and good cause having been shown, the court enters the following order.

ORDER

1. The court has jurisdiction over the subject matter of this action and over all claims, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. More specifically, the court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, which further supports the court's finding that the Settlement Agreement is fair,

reasonable, adequate and in the best interests of the Settlement Class Members. The court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This court grants final approval of the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, including all Released Claims, and the plans for implementation and distribution of the settlement benefits. The court further finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

5. The Parties and the Settlement Administrator shall effectuate the Settlement Agreement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

6. No objections were filed by Settlement Class Members.

7. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8. Five Class Members timely and validly elected to opt out of the Settlement Agreement and the Settlement Class.

## CLASS CERTIFICATION

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the court certifies the following class (the "Settlement Class"):

3

> All individuals residing in the United States whose Personal Information was compromised in the Security Incident experienced by Defendants in or around December 2023, including all those individuals who received notice of the breach.

10. The court grants final approval to the appointment of Plaintiffs Patrick Ernster, Ramsey Hofius, and Trevar Black as Class Representatives, finding that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

11. The court grants final approval to the appointment of Cassandra P. Miller of Strauss Borrelli PLLC and Leigh Montgomery of EKSM LLP as Class Counsel, finding that Class Counsel has adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE CLASS

12. The court finds that the Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement.

13. The court finds that Defendants fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as set out in the Declaration of Lisa Pavlik in Support of Final Approval of Settlement filed in support of the Unopposed Motion for Final Approval.

## AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

14. The court has considered Class Counsel's Motion for Attorneys' Fees and Expense Award and Service Awards. The court awards Class Counsel the sum of $162,403.75 as its attorneys' Fees and Expense Award, and the Court finds this amount of fees and expenses to be fair and reasonable. The Fees and Expense Award payment shall be paid in accordance with the Settlement Agreement.

15. The court grants Class Counsel's request for Service Awards to the Class Representatives and awards $5,000 each to Plaintiffs Patrick Ernster, Ramsey Hofius, and Trevar Black, finding that this payment is justified by their service to the Settlement Class. The Service Award payments shall be paid in accordance with the Settlement Agreement.

## OTHER PROVISIONS

16. The Parties and the Settlement Administrator shall carry out their respective obligations under the Settlement Agreement.

17. Within the time period set forth in the Settlement Agreement, the Cash Fund Payment provided for in the Settlement Agreement shall be made available to the Settlement Class Members under the terms and conditions of the Settlement Agreement.

18. As of the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or

participating in any recovery in any action in this or any other forum in which any of the Released Claims is asserted, other than participation in the Settlement.

19. "Released Claims" shall collectively mean all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Security Incident, and conduct that was alleged or could have been alleged in the Litigation related to the Security Incident by any Class Member against any Released Parties, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Security Incident.

20. Settlement Class Members, including the Class Representatives, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims but the Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of this Order of Judgment shall have, upon the date the Judgment becomes Final, fully, and finally and forever settled and released any and all Released Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

21. The terms of the Settlement Agreement and this Final Approval and Order for Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's

fees, costs, interest, or expenses that arise out of or relate to the allegations or subject matter of the Litigation and/or the Plaintiffs' First Amended Class Action Complaint (dkt. #16).

22. This Final Approval and Order for Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation of any claims, including but not limited to claims that have been, or could have been, asserted in the action. This Final Approval and Order for Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of the propriety of class certification or of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendants, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval and Order for Judgment (including but not limited to enforcing the releases contained herein).

23. The Settlement Agreement and Final Approval and Order for Judgment shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval and

Order for Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to its provisions.

24.  The court dismisses the Plaintiffs' First Amended Class Action Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party, except as provided in this Final Approval Order and Judgment.

25.  Consistent with Paragraph 76 of the Settlement Agreement, if the Effective Date as defined in the Settlement Agreement does not occur for any reason, then all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into the Settlement Agreement. Further, in the unlikely event of such a termination, the certification of the Settlement Class shall be void. Defendants may also contest class certification and all other issues for all purposes other than this Settlement. In the event of such a termination, any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Defendants did not oppose certification of a class under the Settlement shall not be used or cited by any person or entity, including in a contested proceeding relating to class certification and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be deemed preserved.

Entered this 5th day of March, 2026.

BY THE COURT:

William M. Conley
District Judge